In re Elmer H. THOMASSEN, a/k/a El-
mer Thomassen, d/b/a Elmer H. Tho-
massen, M.D.; and Joan Thomassen,
Debtors.

Elmer H. THOMASSEN, a/k/a Elmer
Thomassen, d/b/a Elmer H. Thomassen,
M.D.; and Joan Thomassen, Appellants,

v.

DIVISION OF MEDICAL QUALITY AS-
SURANCE, DEPARTMENT OF CON-
SUMER AFFAIRS, STATE OF CALI-
FORNIA, Appellee.

BAP No. CC-81-1022-GKH.

Bankruptcy No. SA 80-00215-AP.

United States Bankruptcy Appellate
Panels of the Ninth Circuit.

Submitted June 1, 1981.

Decided Dec. 1, 1981.

David A. Gill, Sherman Oaks, Cal., for
appellant.

No appearance made by appellee.

Before GEORGE, KATZ, and HUGHES,
Bankruptcy Judges.

OPINION

GEORGE, Bankruptcy Judge:

Before the Panel for consideration is an
appeal from an order entered on January
29, 1981, denying a motion for a stay of
certain proceedings brought against the
Debtor, Elmer H. Thomassen, M.D., by the
Board of Medical Quality Assurance of the
State of California. We affirm.

I. BACKGROUND

On January 30, 1980, the above-named
Debtors filed a petition for a reorganization
of their debts under Chapter 11 of the
Bankruptcy Code. One of the Debtors, El-
mer H. Thomassen, M.D., is a physician,
licensed to practice in the State of Califor-
nia. It was on the basis of the earnings to
be derived from this medical practice that
the Thomassens apparently intended to per-
form under a Chapter 11 Plan of Arrange-
ment.

On or about April 29, 1980, the Board of
Medical Quality Assurance, Department of
Consumer Affairs, State of California, ini-
tiated administrative proceedings to exam-
ine certain allegations of professional mis-
conduct which had been brought against
Dr. Thomassen. The State's claims fit un-
der two principal subheadings: 1) acts of
gross negligence or incompetence and 2)
acts of dishonesty in financial dealings.

Under the first subheading, it was
claimed that Dr. Thomassen had committed
gross negligence in leaving a cancer patient
without qualified medical supervision dur-

ing the administration of an intravenous solution of Laetrile. In the second area of investigation, the State made allegations of four instances involving dishonesty by Dr. Thomassen in certain of his financial affairs. The first such circumstance concerned an alleged duplicate payment made to Dr. Thomassen by the company which provided medical insurance for the previously-mentioned cancer patient. It was claimed that Dr. Thomassen, upon being apprised that he had been overpaid in his treatment of this patient, refused to forward the insurance company's duplicate payment to the patient. The other three allegations (which were later appended to the original charges against Dr. Thomassen) dealt with the fraudulent nonpayment of medical support personnel employed by him.

On January 21, 1981, in anticipation of the license revocation proceedings scheduled for January 30, 1981, and February 10–11, 1981, Dr. Thomassen filed his unsuccessful motion to stay these proceedings. The instant appeal arises from the bankruptcy trial judge's decision in 1) finding that the State of California proceedings were not automatically stayed under 11 U.S.C. § 362(a) and 2) refusing to utilize his 11 U.S.C. § 105(a) injunctive powers to stay the state administrative proceedings.

## II. ISSUES

The issues raised by this appeal are two-fold. First, did the trial court err in finding that the actions of the California Board of Medical Quality Assurance were not automatically stayed by 11 U.S.C. § 362(a)? Second, did the trial judge abuse his discretion in refusing to enjoin the state administrative proceedings pursuant to his 11 U.S.C. § 105(a) powers?

## III. ANALYSIS OF THE FACTS AND THE LAW

### A. The Automatic Stay Issue

With respect to the first of the above issues, Dr. Thomassen has noted an appar-

ent conflict between the automatic stay language of section 362(a)(1) and that of the exception to the automatic stay found in section 362(b)(4). Section 362(a)(1) provides that

"[e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, *administrative*, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . ."

11 U.S.C. § 362(a)(1) (West's Supp.1980) (emphasis supplied). Section 362(b)(4), however, provides that

"[t]he filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

. . . .

(4) under section (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; . . . ."

11 U.S.C. § 362(b)(4) (West's Supp.1980).

Inasmuch as "administrative proceedings" are generally stayed under section 362(a)(1), the Thomassens argue that the Panel must closely examine the legislative history behind the exception found in section 362(b)(4) in determining what sorts of proceedings fall under the police or regulatory powers of a governmental unit. Looking to House Report No. 95–595, U.S.Code Cong. & Admin.News 1978, p. 5787,[1] the Debtors maintain that license revocation proceedings are not generally protected by

---

1. House Report No. 95–595 explains the effect of 11 U.S.C. § 362(a)(1) as follows:

"Subsection (a) defines the scope of the automatic stay, by listing the acts that are

stayed by the commencement of the case. The commencement or continuation, including the issuance of process, of a judicial, administrative, or other proceeding against

the section 362(b)(4) exception. H.R.Rep. No.95–595, 95th Cong., 1st Sess. 340 (1977). *But see* S.Rep.No.95–989, 95th Cong., 2d Sess. 50 (1978) (omitting mention of license revocation proceedings). Moreover, the Thomassens assert that the actions of the California Board of Medical Quality Assurance have not been based upon any need to protect the health or safety of the public, so as to require an immediate action on Dr. Thomassen's professional license. Rather, the Debtors couch the State's actions in pecuniary terms, asserting that the actions of this governmental unit were meant to serve as a means of forcing the payment, by Dr. Thomassen, of certain debts owed to persons whom he had allegedly defrauded. In this regard, the Collier Bankruptcy Manual is cited as drawing a distinction between governmental actions which are aimed at obtaining a pecuniary advantage for the unit in question or its citizens, and those actions which represent a direct application of the unit's police or regulatory powers. The former are stayed under 11 U.S.C. § 362(a)(1); the latter are not. L. King, ed., Collier Bankruptcy Manual ¶ 362.04[4], at 362–22 through 362–23 (3d ed. 1980). *See also* 124 Cong.Rec. H11092 (September 28, 1978) (statement of Rep. Don Edwards), *reprinted in* 11C U.S.Code Cong. & Ad.News 660–61 [December 1978], *and in* 3 App. Collier on Bankruptcy, at IX–93 (15th ed. 1980).

This "pecuniary vs. police or regulatory" dichotomy parallels and overlaps, to some extent, the rule of law set forth in *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In *Perez*, a bankrupt husband and wife were denied certain driving privileges under an Arizona statute which required them to satisfy a pre-petition judgment obligation resulting from a traffic collision. To the extent that this state statute had the purpose and effect of frustrating the discharge granted the 'Per-

ez' under the federal bankruptcy laws, it was held to be violative of the Supremacy Clause of the United States Constitution.

The "pecuniary purpose" test cited above also seems to be aimed at preventing the circumvention of the relief available to both debtors and general creditors under the Bankruptcy Code. Although it specifically recognizes that the desire for economic advantage—either to the governmental unit, directly, or to its individual citizens—is often at the heart of statutory attempts to sidestep the effect of the federal bankruptcy laws, it finally rests upon the same Supremacy Clause arguments set forth in the *Perez* decision. State and local governmental units cannot, by an exercise of their police or regulatory powers, subvert the relief afforded by the federal bankruptcy laws. When they seek to do so for a pecuniary purpose, they are automatically stayed, notwithstanding the exception found at 11 U.S.C. § 362(b)(4).

Nothing in the facts of the instant appeal, however, indicates that the actions of the California Board of Medical Quality Assurance were meant to frustrate the purposes or processes of the Bankruptcy Code. Moreover, that does not seem to have been their effect. Contrary to the assertions of counsel for the Debtors, the charges which have been brought against Dr. Thomassen by the California Board of Medical Quality Assurance do not deal with his simple failure to make necessary payments to the state or to its citizens. He has been accused of malpractice and professional incompetence and with fraud in the handling of his patients' and employees' funds. The State's interest in this matter is in punishing such misconduct and in preventing future acts of the type which Dr. Thomassen has been accused. This is a valid police and regulatory interest.

the debtor that was or could have been commenced before the commencement of the bankruptcy case is stayed under paragraph (1). The scope of this paragraph is broad. All proceedings are stayed, including arbitration, *license revocation*, administrative, and judicial proceedings. Proceeding in this

sense encompasses civil actions as well, and all proceedings even if they are not before governmental tribunals." H.R.Rep.No.95–595, 95th Cong., 1st Sess. 340, U.S.Code Cong. & Admin.News 1978, p. 6297 (1977) (emphasis supplied).

**910**

In this same vein, the Panel believes that the "license revocation" language found in the above-cited House Report refers to those instances in which a license is to be revoked for some pecuniary reason, not related to the health or safety of the public. The Panel believes that the actions of the California Board of Medical Quality Assurance were based solely upon the latter concerns.

The trial court correctly held that 11 U.S.C. § 362(b)(4) excepted the actions of the California Board of Medical Quality Assurance in the present case from the effect of the automatic stay provided by 11 U.S.C. § 362(a)(1).

*B. The 11 U.S.C. § 105(a) Stay Issue*

■ Despite the inapplicability of the section 362(a)(1) automatic stay to the facts of the present appeal, the Panel has no doubt that the trial court had the power to stay the instant California Board of Medical Quality Assurance proceedings pursuant to 11 U.S.C. § 105(a). *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 342 (1977); S.Rep.No. 95–989, 95th Cong., 2d Sess. 51 (1978). Nevertheless, the Panel does not feel that the trial judge abused his discretion in not utilizing this power in the instant case.

In the present proceeding, the trial judge was faced with the prospect of authorizing the continued medical activities of a physician, who had been accused of both professional and ethical misconduct, in order to provide funds for the repayment of that doctor's creditors. At least one of the charges against Dr. Thomassen was related to activities which the California Board of Medical Quality Assurance was specially qualified to examine. It was not unreasonable that the trial judge left to this state administrative tribunal the determination of whether the public at large would be injured by the continuation of Dr. Thomassen's practice.

Affirmed.